IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00155-PAB

DANIEL J. BABNIK,

      Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.
_____

**ORDER**
_____

      This matter is before the Court on the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 20] filed by plaintiff Daniel Babnik. In the motion, plaintiff, as the prevailing party, requests attorney's fees in the amount of $7,704.12 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is fully briefed and ripe for disposition.

      The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the government's position was substantially justified rests with the government. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Under the EAJA, the Court

is to consider both the government's position in the underlying agency action and its position during any subsequent litigation.  *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D)(stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").  The EAJA also has a built-in mechanism to disallow fees where "special circumstances make an award unjust" and gives courts discretion to deny awards where equitable considerations dictate an award should not be made.  *Scarborough v. Principi*, 541 U.S. 401, 423 (2004).

On January 20, 2012, plaintiff filed a Complaint [Docket No. 1] seeking review of the final decision of defendant Carolyn W. Colvin in her official capacity as the Commissioner of Social Security (the "Commissioner") denying plaintiff's claim for disability benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33.  The Court reversed and remanded the Commissioner's decision because the ALJ erred in substituting his own medical judgment for the opinions of plaintiff's physicians, opinions which indicated that plaintiff had manipulative limitations.  Docket No. 16 at 10.  The Court also found that the ALJ failed to account for his finding that plaintiff suffers from severe depression in assessing plaintiff's RFC, but concluded that the exclusion of such limitations was harmless error.  *Id.* at 14-15.

The Commissioner opposes plaintiff's motion on the grounds that her position was substantially justified.  Docket No. 21 at 2.  The Commissioner argues that the ALJ validly discounted medical opinions concerning plaintiff's manipulative limitations because (1) the ALJ found that the relevant portion of Dr. Shauna Grace's suggested

manipulation limitations were contradicted by evidence that plaintiff had only slightly decreased upper extremity strength, good grip strength, and only a slight decrease in plaintiff's range of motion in his arms and (2) the ALJ found Dr. Anthony LoGalbo's suggested manipulation limitations were unsupported by any observations of manipulative deficits or range of motion loss, *id.* at 3, (citing R. at 28-29). The Commissioner argues that the ALJ's decision permissibly discounts these medical opinions for lack of support and consistency with the record, factors which the ALJ was required to consider in evaluating medical opinion evidence. *Id.* (citing 20 C.F.R. § 404.1527(c)(3)-(4)).

The Court agrees with the Commissioner. The ALJ rejected Dr. Grace's opinion on manipulative limitations as "excessive, in light of his normal gait, the lack of any spinal or hand pathology, his slightly decreased upper extremity strength and good grip strength, and only slightly decreased range of motion in the arms." R. at 29. The ALJ further rejected Dr. LoGalbo's opinion on manipulative limitations as "unsupported by any observations of gross or fine manipulative deficits or significant range of motion loss." *Id.* The Commissioner's attempt in this litigation to justify this aspect of the ALJ's decision was reasonable in law and in fact. *See* Docket No. 13 at 20 ("the ALJ reasonably discounted both opinions on grounds that they were not well-supported and were inconsistent with the record as a whole"). Thus, although the ALJ ultimately erred by impermissibly "rel[ying] on his own interpretation of the medical data in declining to credit either Dr. Grace or Dr. LoGalbo's opinions regarding plaintiff's manipulative ability," Docket No. 16 at 9, the Commissioner's position that valid reasons existed for rejecting the physicians' manipulative limitations is substantially justified.

The Commissioner next argues that her position was substantially justified with respect to plaintiff's mental limitations because the Court found the ALJ's error to be harmless. Docket No. 21 at 4. Plaintiff responds that, regardless of any harmless error, the remand of this case establishes that an unjustifiable agency action forced litigation. Docket No. 22 at 4. "The general rule is that EAJA fees 'should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *George v. Astrue*, 510 F. App'x 756, 757 (10th Cir. 2013) (unpublished) (quoting *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007)); *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) ("the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items"). The Commissioner cannot cure unreasonable agency conduct "by taking a reasonable position in any subsequent civil litigation before a district court." *Hackett*, 475 F.3d at 1173. Nonetheless, the Tenth Circuit, in an unpublished decision, has ruled that the Commissioner's position can be substantially justified when the Commissioner argues that the ALJ considered an impairment, albeit improperly, and argues that the ALJ ultimately reached "the conclusion required by the evidence." *See Johns v. Astrue*, 455 F. App'x 846, 848 (10th Cir. 2011) (unpublished). Here, although the ALJ did not include cognitive limitations in his hypothetical question to the VE, the ALJ cited additional limitations suggested by plaintiff's attorney and addressed by the VE as an alternative basis for his decision. R. at 31. Thus, when the Commissioner argued before this Court that the ALJ's failure to include cognitive limitations was harmless error, the Commissioner was not attempting to provide a post-hoc justification of the

4

ALJ's decision or justify its position with an "entirely new legal theor[y]." *Cf. Hackett*, 475 F.3d at 1175.  Rather, the Commissioner's position in the underlying action and in this litigation was based upon the affirmative alternative findings regarding plaintiff's potential cognitive limitations.  *See* Docket No. 13 at 21.  This aspect of the Commissioner's position is therefore substantially justified.  *See Murdock v. Colvin*, 516 F. App'x 703, 704 (10th Cir. 2013) (unpublished) (declining to disturb district court's finding that the Commissioner's harmless error argument was "substantially justified given the evidence in the case").

For the foregoing reasons, the Court finds that the Commissioner's position in the underlying agency action and this litigation was substantially justified.  It is therefore,

**ORDERED** that plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 20] is **DENIED**.

DATED March 5, 2015.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge